# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TONEY DERON DAVIS,

    Petitioner,

v.                                          Case No. 3:2014-cv-01200-TJC-PDB

SECRETARY,
FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## PETITIONER'S RESPONSE TO OCTOBER 18, 2018 ORDER

    Petitioner, Toney Deron Davis, by and through undersigned counsel, files this Response pursuant to this Court's October 18, 2018 Order (Doc. 32). This Court stayed Mr. Davis' habeas corpus proceedings following the decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), as well as *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016), to allow Mr. Davis to exhaust his *Hurst* claim in state court. On October 18, 2018, following the United States Supreme Court's denial of Mr. Davis' petition for a writ of certiorari based on *Hurst*, this Court ordered Mr. Davis to file a notice with the Court advising whether he intends to move forward on the petition as filed or move to amend the petition, or to file notice of any other intent to proceed. For the following reasons, Mr. Davis

1

respectfully requests to proceed after this Court considers his concurrently-filed motion for discovery. In support of this request, Mr. Davis states as follows:

1.	Mr. Davis filed a pro se habeas petition under 28 U.S.C. § 2254 with this Court on October 2, 2014 (Doc. 1). Undersigned counsel Rick Sichta filed a brief in support of the petition on October 9, 2014 (Doc. 6).

2.	As of the filing of the habeas petition and supporting brief, Mr. Davis had a successive motion for post-conviction relief pending in state court. This motion asserted that the State had relied on flawed science in determining the cause of death at trial. A newly-developed consensus in the medical community retracted its previous findings regarding retinal hemorrhages, subdural hematomas, and torn brain bridging veins, symptoms once thought to indicate shaken baby syndrome and related child abuse and brain trauma. Mr. Davis filed a pro se motion raising this claim back in 2011, but it was never addressed by any state court. After Mr. Davis' counseled Rule 3.851 petition was denied by the state trial court, but before the appeal was filed in the Florida Supreme Court, undersigned counsel Sichta replaced prior post-conviction counsel on Mr. Davis' case. Attorney Sichta filed a successive motion for post-conviction relief also attacking the cause of death at trial based on the flawed science and adopted Mr. Davis' 2011 pro se motion. These motions were both still pending when § 2254 proceedings commenced in this Court.

3.     While this case was stayed under *Hurst*, the state court denied the counseled successive post-conviction motion, which was affirmed by the Florida Supreme Court. *See Davis v. State*, No. SC16-264, 2017 WL 656307, at *1 (Fla. Feb. 17, 2017).[1]

4.     The medical consensus affecting the flawed science at trial has since been further confirmed. The State's theory at trial was that the victim had suffered violent blows to the head and shaking, which led to her death. The State also argued she was sexually battered. It maintained this theory throughout state post-conviction litigation. However, multiple experts reviewing the case file have found no medical evidence of sexual assault and have "many concerns with the medical testimony offered at trial and during the post-conviction evidentiary hearing." *See, e.g.*, Exh. 1, at 4 (Declaration of Dr. Janice Ophoven, pediatric forensic pathologist). Some of these concerns include the evidence presented to age the bruises on the victim's body, the testimony regarding the medical consequences of a shorter fall on a young toddler, and any indication that retinal hemorrhaging evidences shaken baby syndrome. *See generally id.* There were also several troubling aspects of the autopsy itself. *Id.* at 4.

---

[1] To date, the state courts have still never addressed Mr. Davis' 2011 pro se motion, either to strike or dismiss it or to consider it on the merits.

5.  As explained in Mr. Davis' discovery motion, because of the faulty autopsy, flawed science, and medical evolutions since the time of Mr. Davis' trial, the cause of death and source of the victim's vaginal bleeding are still unknown. It is likely that Calesha's injuries were inflicted before she was in Mr. Davis' care, and that the fatal injury and vaginal bleeding may have even occurred for natural medical reasons. If proven, this would mean that Mr. Davis cannot be guilty of first-degree murder because there was no homicide at all.[2] However, because much of the victim's medical history still has not been disclosed to Mr. Davis despite his diligent efforts to obtain the relevant records, his discovery request includes the documents necessary for his expert "to know more about Calesha's overall health before reaching a final conclusion as to her cause of death." *See id.* at 4.

6.  Accordingly, any schedule for this case going forward should incorporate a timeline for Mr. Davis to get these crucial records.

For the reasons stated above and more thoroughly in Mr. Davis' concurrent motion for discovery, Mr. Davis respectfully requests that this Court:

> 1) After considering Mr. Davis' motion for discovery, including an opportunity for the State to respond, grant Mr. Davis' motion for discovery;
>
> 2) Set a deadline for the agencies to respond to Mr. Davis' records requests; and

---

[2] This is in addition to the claim already pending before this Court that there was no sexual assault, therefore Mr. Davis' sexual battery conviction cannot stand.

4

3) Set a reasonable deadline of at least 60 days for Mr. Davis to file his motion to amend the petition once all of the records are received.

Respectfully submitted,

| | |
|---|---|
| /s/ Rick A. Sichta | /s/ Terri L. Backhus |
| Rick A. Sichta, Esq. | Terri L. Backhus |
| Florida Bar No. 669903 | Florida Bar No. 0946427 |
| The Sichta Firm, LLC | Chief, Capital Habeas Unit |
| 301 W. Bay Street, Suite 14124 | Sean Gunn |
| Jacksonville, FL 32202 | Attorney, Capital Habeas Unit |
| rick@sichtalaw.com | Federal Public Defender |
| (904) 329-7246 | Northern District of Florida |
| | 227 N. Bronough St., Ste. 4200 |
| | Tallahassee, FL 32301-1300 |
| | terri_backhus@fd.org@fd.org |
| | (850) 942-8818 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, a copy of the foregoing has been furnished to Assistant Attorney General Jennifer Keegan at jennifer.keegan@myfloridalegal.com and capapp@myfloridalegal.com.

/s/ Rick A. Sichta
Rick A. Sichta