**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TONEY DERON DAVIS,

    Petitioner,

v.                                            Case No. 3:14-cv-1200-J-32PDB

SECRETARY, FLORIDA
DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

Before the Court is Toney Davis' Motion for Discovery (Doc. 36; Motion) filed, through counsel, on December 14, 2018, with an incorporated memorandum of law. In the Motion, Davis requests that the Court issue an order directing the following state agencies and medical health providers to release records related to the victim and the victim's immediate family: the Office of the State Attorney, Fourth Judicial Circuit of Florida; the Medical Examiner's Office (Jacksonville, Florida); the Naval Hospital Jacksonville; University of Florida Health Jacksonville; Baptist Jacksonville & Wolfson Children's Hospital; and the Florida Department of Children and Families. See Doc. 36 at 1-3. He also requests documents from the victim's state court dependency case. Id. at 2.

Davis asserts that these records are necessary to support his claim that "the State relied on flawed medical science to secure Mr. Davis' first degree murder and sexual battery convictions." Id. at 1. According to Davis, the medical science regarding

Shaken Baby Syndrome, retinal hemorrhages, subdural hematomas, and torn brain bridging veins has evolved since the state court's evidentiary hearing on his initial motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851. Id. at 12-13. Davis maintains that these new scientific advancements have called into question the victim's injuries, and he has obtained Dr. Janice Ophoven, a pediatric forensic pathologist, to investigate the matter further. Id. at 23. Davis argues that Dr. Ophoven needs to review the requested documents before she can reach a conclusion regarding the victim's cause of death. Id. at 24.

Respondents filed an Objection (Doc. 37; Objection) to the Motion with an incorporated memorandum of law. Respondents argue that Davis is not entitled to engage in discovery because the record before the Court is limited to the record developed in the state court proceedings, and Davis has otherwise failed to demonstrate good cause to depart from that rule. Doc. 37. Davis filed a Request for leave to file a response to Respondents Objection (Doc. 38), which is still pending before the Court.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to

2

relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904 & 908–09).

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In Cullen v. Pinholster, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011). In addition, by its plain language, § 2254(d)(2) expressly limits the federal court's review to the record that was before the state court. See § 2254(d)(2); see also Pinholster, 563 U.S. at 185 n.7 (noting that § 2254(d)(2) indicates with "additional clarity" that review is limited to the state-court record).

Although Pinholster was decided in the context of an evidentiary hearing, district courts have found that Pinholster is relevant to discovery requests. See Russell v. Fla. Dept. of Corr., No. 3:13cv519/LAC/EMT, 2015 WL 2338622, at *55 (N.D. Fla. May 13, 2015) (citing Butts v. Chatman, No. 5:13cv194 (MTT), 2014 WL 185339, at *1 n. 2 (M.D. Ga. Jan. 15, 2014) (while Pinholster addressed only evidentiary hearings, there would be no need for discovery if Pinholster barred the court from considering any newly discovered evidence); Coddington v. Cullen, No. CIV–S–01–1290 KJM GGH DP, 2011 WL 2118855 (E.D. Cal. May 27, 2011) (explaining that "the extent of

permissible discovery in a habeas corpus action, seemingly once settled, has been upset by the AEDPA ruling of . . . [Pinholster]"); Hurst v. Branker, No. 1:10-CV-725, 2011 WL 2149470 (M.D. N.C. June 1, 2011)). Further, the Eleventh Circuit Court of Appeals recognized that the scope and extent of discovery in § 2254 cases are within the discretion of the district court. See Daniel v. Comm'r Ala. Dept. of Corr., 822 F.3d 1248, 1281 (11th Cir. 2016) (citations omitted).

Davis initiated this action on October 2, 2014, by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Doc 1 (Petition). On October 9, 2014, counsel, on behalf of Davis, filed a Brief in support of the Petition. See Doc. 6 (Brief). In the Brief's "Unexhausted Claim I," Davis asserts a claim of newly discovered evidence based on the abovementioned developments in medical and scientific research on Shaken Baby Syndrome. Doc. 6 at 128-40. In the Brief, Davis admitted that the allegations were not yet exhausted at the time he filed this action. Id. at 128.

However, a review of the state court docket reveals that these allegations were recently exhausted in state court.[1] Notably, in addressing the allegations currently before the Court in "Unexhausted Claim I," the state court denied the claim on the merits. See Davis v. State, No. SC16-264, 2017 WL 656307 (Fla. Feb. 17, 2017). Because the state court adjudicated the claim on the merits, it falls within the scope of § 2254(d). Thus, the Court's review of these allegations must begin with an

---

[1] The Florida Supreme Court issued its opinion affirming the trial court's denial of "Unexhausted Claim I" on February 17, 2017. See Davis v. State, No. SC16-264, 2017 WL 656307 (Fla. Feb. 17, 2017). Davis' motion for rehearing was denied on May 8, 2017. See Davis v. State, No. SC16-264, 2017 WL 1833179 (Fla. May 8, 2017).

examination of the state court's decision in light of the evidence and facts that were before the state court. Respondents have not yet been given an opportunity to address these allegations through a response to the Petition, and the Court has not been given an opportunity to review the evidence presented in the state court proceedings. As such, given the procedural posture of this claim, the Court cannot find that Davis' Motion presents "specific allegations" that give the Court reason to believe that he may be entitled to relief. Thus, Davis has not shown good cause to warrant discovery at this time.

Further, after a thorough review of the Petition and the Brief, the Court finds that Davis must file an amended petition. In his pro se Petition, Davis raises fifteen grounds for relief. See generally Doc. 1. The Brief, filed through counsel, raises a total of thirteen claims. See generally Doc. 6. In the Brief, the first eleven claims are titled "Ground One" through "Ground Eleven;" however, these Grounds do not coincide with the sequential order of the grounds raised in the Petition. See generally Doc. 1; see also Doc. 6 at 21-128. For example, Ground Two of the Brief appears to be a combination of the allegations within Ground Two and Ground Three of the Petition, and Ground Three of the Brief appears to assert the claim raised in Ground Fourteen of the Petition.[2] See Doc. 1; Doc. 6. Additionally, Ground Seven, Ground Eight, Ground Ten, "Unexhausted Claim I," and "Unexhausted Claim II" of the Brief are claims that

---

[2] Ground One of the Brief is the only claim that chronologically follows the order of the grounds alleged in the Petition. See Doc. 1 at 7; Doc. 6 at 21.

5

are not raised in the Petition. See generally Doc. 6.

The differences between the Petition and the Brief will undoubtedly lead to confusion when Respondents prepare their response and the Court begins consideration of these claims. As such, Davis must file an amended petition that includes all the claims that he wishes to proceed on in this case. Davis may raise a new claim in his amended petition based on Hurst v. Florida, 136 S. Ct. 616 (2016), and its progeny. However, other than an additional claim regarding Hurst, the amended petition must only contain claims that Davis already raised in this action through the Petition and/or the Brief. The Court cautions Davis not to raise new claims that are not already in the Petition, Brief, or authorized by this Order. The amended petition will then serve as the operative petition in this action.

Therefore, it is

**ORDERED**

1. Davis' Motion for Discovery (Doc. 36) is **DENIED without prejudice**.

2. Davis' Motion for Leave to File a Reply (Doc. 38) is **DENIED**.

3. **By March 8, 2019**, Davis shall file an amended petition in compliance with the guidelines set forth above, with an accompanying memorandum of law.

4. **By May 20, 2019**, Respondents shall file a response to the amended petition.

5. After Respondents file a response, Davis, **no later than July 22, 2019**, shall either file a reply or notify the Court that he does not intent to file a reply, but rather will rely on his allegations and claims as stated in the amended petition.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of January, 2019.

*Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Counsel of Record