UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONEY DERON DAVIS,

    Petitioner,

v.                                                   Case No. 3:14-cv-1200-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

**ORDER**

    Petitioner, a Florida state inmate under a death sentence, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. See Doc. 1. He is proceeding on a Third Amended Petition. See Doc. 68. Respondents have filed a Response (Doc. 73), and Petitioner filed a Reply (Doc. 80).

    Before the Court is Petitioner's Renewed Motion for Discovery (Doc. 81; Motion), with an incorporated memorandum of law. In the Motion, Petitioner requests that the Court issue an order directing the following state agencies and medical health providers to release records related to the victim and the victim's immediate family: the Naval Hospital Jacksonville; University of Florida Health Jacksonville; Baptist Jacksonville & Wolfson Children's

Hospital; and the Florida Department of Children and Families. See Doc. 81 at 1-3. He also requests documents from the victim's state court dependency case. Id. at 2.

Petitioner asserts that these records are necessary to support his claim that "the State relied on flawed medical science to secure [Petitioner's] first degree murder and sexual battery convictions." Id. at 1. According to Petitioner, the medical science on Shaken Baby Syndrome, retinal hemorrhages, and methods to determine the age of bruising have evolved since Petitioner's 1995 trial and his 2008 initial state court postconviction proceedings. Id. at 24-25. Petitioner maintains that these new scientific advancements cast doubt on the victim's injuries, and he has obtained Dr. Janice Ophoven, a pediatric forensic pathologist, to investigate the matter further. Id. at 24. Petitioner argues that Dr. Ophoven believes discovery of these additional records may provide "a more complete view of [the victim's] health history that could be used to form a scientifically sound conclusion" about the victim's cause of death and support Petitioner's "twenty-year proclamation of innocence." Id. at 4, 25.

Respondents filed a Response in Opposition to the Renewed Motion for Discovery (Doc. 82). Respondents argue that Petitioner has no right to engage in discovery because the Court's review is limited to the record developed in the state court proceedings, and Petitioner has otherwise failed to explain how that

bar is inapplicable to his case. Id. at 2. Petitioner replied (Doc. 85), arguing the Court's review is not limited to the state court record because the Florida Supreme Court violated 28 U.S.C. § 2254(d) when ruling on the merits of his claims; and if it did not rule on the merits, Martinez v. Ryan, 566 U.S. 1 (2012), applies and thus discovery is permitted. Doc. 85 at 3-6.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" may be shown if the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate[ ] entitlement to relief." Bracy, 520 U.S. at 908-09. The scope and extent of discovery in § 2254 cases are generally within the discretion of the district court. See Daniel v. Comm'r Ala. Dep't of Corr., 822 F.3d 1248, 1281 (11th Cir. 2016).

The Antiterrorism and Effective Death Penalty Act, however, limits the discretion afforded to the court, "restricts the ability of a federal habeas court to develop and consider new evidence," and regulates a petitioner's ability to engage in discovery. Shoop v. Twyford, 142 S. Ct. 2037, 2043-44 (2022); see also

Isaacs v. Head, 300 F.3d 1232, 1248-49 (11th Cir. 2002). Under the AEDPA, if the claim was "adjudicated on the merits" in state court, 28 U.S.C. § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In Cullen v. Pinholster, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011).[1] And in Shoop v. Twyford, the Supreme Court held "[r]eview of factual determinations under § 2254(d)(2) is expressly limited to 'the evidence presented in the State court proceeding.'" 142 S. Ct. at 2043.

If a federal habeas claim was never presented to the state court or adjudicated on the merits, the claim may be "procedurally defaulted," and a petitioner must show "cause" to excuse the procedural default and that "actual

---

[1] Although Pinholster was decided in the context of an evidentiary hearing, district courts have found that Pinholster is relevant to discovery requests. See Reeves v. Sec'y, Dep't of Corr., 6:16-cv-973-Orl-28GJK, 2016 WL 11697840, at *1 (M.D. Fla. July 5, 2016) (denying discovery request because review of § 2254 petition limited to state court record per Pinholster); Savicki v. Jones, No. 5:17cv18/MCR/EMT, 2018 WL 7893046, at *58 (N.D. Fla. July 9, 2018) (finding that "as a practical matter, the Supreme Court's decision in [Pinholster] places further restrictions of discovery"), rep. and recommendation adopted, 2019 WL 1440913, at *1 (N.D. Fla. Mar. 31, 2019).

4

prejudice" will result if the claim is not addressed on the merits. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Sometimes a petitioner may argue that postconviction counsel's ineffectiveness is "cause" to excuse the procedural default of an ineffective assistance of trial counsel claim. See Martinez, 566 U.S. at 1. And "[o]ften, a prisoner with a defaulted claim will ask a federal habeas court not only to consider his claim but also to permit him to introduce new evidence to support it"; but in that situation, "the standard to expand the state-court record is a stringent one." Shinn v. Ramirez, 142 S. Ct. 1718, 1728 (2022).

If a petitioner failed to develop the factual basis of a claim in his state proceedings, a federal court may allow discovery and admit new evidence in only two situations: (1) "[e]ither the claim must rely on a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by [the United States Supreme Court]"; or (2) " it must rely on 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" Shoop, 142 S. Ct at 2044 (quoting 28 U.S.C § 2254(e)(2)(A)(i),(ii)); see also Isaacs, 300 F.3d at 1248-49 (recognizing that the standards imposed in 28 U.S.C. § 2254(e)(2) govern discovery requests in federal habeas cases). "And even if a prisoner can satisfy one of those two exceptions, he must also show that the desired evidence would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the

5

charged crime." Shoop, 142 S. Ct. at 2044 (quoting 28 U.S.C § 2254(e)(2)(B)). Further, if a petitioner has not satisfied the "stringent requirements" of § 2254(e)(2), "a federal court may not . . . consider new evidence [ ] to assess cause and prejudice under Martinez," nor can it consider new evidence when reviewing the merits of a defaulted claim. Shinn, 142 S. Ct. at 1738-39. "Thus, although state prisoners may occasionally submit new evidence in federal court, 'AEDPA's statutory scheme is designed to strongly discourage them from doing so." Shoop, 142 S. Ct. at 2044 (quoting Pinholster, 563 U.S. at 186).

Petitioner argues that the requested discovery might help prove the allegations in Claims 1(a), 1(b), 3, and 7 of his Third Amended Petition. Doc. 81 at 27-33. Claims 1(a) and 1(b) are based on allegations of ineffective assistance of trial counsel. Petitioner presented versions of these Claims in his initial state court postconviction proceedings and the Florida Supreme Court adjudicated the Claims on the merits. Davis v. State, 136 So. 3d 1169, 1190-93 (Fla. 2014). Claim 3 turns on allegations challenging the sufficiency of the state's circumstantial evidence supporting the sexual battery conviction, and Claim 7 is an argument that Petitioner is actually innocent of first degree murder, sexual battery, and aggravated child abuse based on new scientific evidence. Doc. 68 at 127-31, 149-53. Petitioner raised a version of Claim 3 on direct appeal, Davis v. State, 703 So. 2d 1055, 1059-60 (Fla. 1997), and a version of

6

Claim 7 in his first successive postconviction motion, Davis v. State, No. SC16-264, 2017 WL 656307, at *1 (Fla. Feb. 17, 2017). The Florida Supreme Court adjudicated both Claims on the merits. When presenting each of these Claims in his Third Amended Complaint, however, Petitioner sometimes relies on allegations and evidence never presented to the state court. One item of new evidence is a report from Dr. Ophoven that Petitioner attaches as an exhibit to the Third Amended Petition. See Doc. 68-1 at 7-36. Petitioner argues that the Court can consider this new evidence when ruling on Claims 1(a), 1(b), 3, and 7 because, under Martinez, postconviction counsel was ineffective for failing to present the new evidence to the state court; the Florida Supreme Court's adjudication of these claims is not entitled to deference; or the evidence shows Petitioner is actually innocent. Doc. 68 at 25-40, 55-58, 130-31, 151-53.

Petitioner now raises identical arguments to support his request to engage in discovery. But to the extent that the state court adjudicated Petitioner's Claims on the merits, they fall within the scope of § 2254(d), and the Court's ultimate review of the Claims must begin with an examination of the state court's decision in light of the evidence and facts before the state court. To the extent that any aspect of Petitioner's Claims was never presented to the state court, Petitioner has failed to argue that he has satisfied the requirements of § 2254(e)(2) to permit discovery. See Shoop, 142 S. Ct. at 2046; Isaacs, 300

F.3d at 1249-50. Finally, while Petitioner alludes that new evidence obtained through discovery might help him show cause to excuse the procedural default of an allegation or claim, "it serves no purpose to develop such evidence just to assess cause and prejudice" if Petitioner fails to satisfy the requirements of § 2254(e)(2) and establish that any new evidence would be admissible. Shoop, 142 S. Ct. at 2046 (citing Shinn, 142 S. Ct. at 1739).

Additionally, in her report, Dr. Ophoven states that she reached her conclusions after reviewing background information, including, inter alia, "Reports from various agencies within the Department of Children and Families"; "Baptist Medical Center ER Record"; "Naval Hospital Jacksonville ER Record"; and "Medical records: Baptist Medical Center C.C." Doc. 68-1 at 8. Petitioner also alleged in his Motion that during his state postconviction proceedings, the state court unsealed and ordered disclosure of several boxes of records containing "important information" about the victim's "health and quality of life." Doc. 81 at 13. As such, it seems that Petitioner, to some extent, has obtained records from some of the state agencies and medical providers for which he seeks to procure discovery. And he does not explain why the discovery he requests now is different from the records already available to him. In sum,

8

Petitioner has not satisfied the requirements of § 2254(e)(2), nor has he shown "good cause" to warrant discovery. His Motion is due to be denied.[2]

Therefore, it is

**ORDERED** that Petitioner's Renewed Motion for Discovery (Doc. 81) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Counsel of Record

---

[2] The Court maintains that this ruling applies only to Petitioner's current request for discovery, and in no way affects a possible future analysis of Petitioner's Claims under § 2254(d), nor does it consider the parties' arguments about whether a claim is cognizable or if an exception to a procedural default has been established. If, during the Court's review of the Third Amended Petition, the Respondents' Response, and Petitioner's Reply, the Court determines that discovery may be needed, the Court will act at that time.

9